OPINION
Plaintiff-appellant, the state of Ohio, appeals a decision of the Clermont County Court of Common Pleas suppressing incrimination statements made by defendant-appellee, Joseph Hensley.
At the hearing on appellee's motion to suppress, Deputy Daniel Frazee of the Clermont County Sheriff's Office testified as follows: In October 1998, while investigating a breaking and entering at a Mr. Rental tool store in Amelia, Ohio, Frazee received information from appellee's girlfriend and her mother implicating appellee in the break-in. Frazee went to talk to appellee who, at the time, was incarcerated in the Clermont County Jail on an arson charge pending before the trial court. During the questioning, appellee eventually admitted to the break-in.[1]
At the conclusion of the questioning, Frazee asked appellee several times whether there were other crimes that appellee wanted to talk about. Appellee assured Frazee that he was not involved in any other crime.
A week later, Frazee went back to talk to appellee, this time armed with still shots from a Thriftway security videotape depicting a person forging stolen checks. The person on the videotape was believed to be appellee. Frazee told appellee "the last time I was here you told me you weren't involved in anything else. Now I have this picture of you here. Is there anything else we need to talk about? If that is the case, we need to get it out of the open now." Frazee then told appellee that "the Court is probably going to get tired of seeing you coming over here time after time." Appellee replied "there is a lot," and asked "what kind of deal can you make?"
Thereafter, Frazee took appellee to the Clermont County Sheriff's Office and called Daniel Breyer, a Clermont County assistant prosecutor. Breyer told Frazee that "as long as [appellee] had not broken into no one's home, had not hurt anyone, * * * and wasn't going to get a slap on the hand for his * * * cases [then pending], he [Breyer] would have no trouble asking for concurrent sentences on everything else that [appellee might] admit to." Frazee stated that all parties involved understood that the sentences were to be concurrent with one another and concurrent with whatever sentence appellee would receive on the arson charge then pending. Thereafter, appellee confessed his involvement in several other crimes. As a result of his confession, appellee was indicted on four counts of theft in violation of R.C. 2913.02(A)(1) and six counts of forgery in violation of R.C. 2913.31(A)(3). Appellee was also indicted on one count of breaking and entering in violation of R.C. 2911.13(A) as a result of breaking into the Mr. Rental tool store.
Appellee subsequently moved to suppress his confession.[2]
By decision filed on February 3, 1999, the trial court suppressed the statements made by appellee to Frazee regarding the numerous offenses of theft and forgery. The trial court found that "the promises made by the Prosecutor not to oppose concurrent sentences motivated [appellee] to confess to the previously committed thefts, and such promises were improper." In an entry filed on February 18, 1999, the court specifically found that appellee's earlier confession regarding the breaking and entering was not suppressed. The state timely filed this appeal and raises as its sole assignment of error that the trial court erred in granting appellee's motion to suppress.
Once the admissibility of a confession has been challenged by way of a motion to suppress, the prosecutor has the burden to prove by a preponderance of the evidence that the statement was given voluntarily. Lego v. Twomey (1972), 404 U.S. 477, 489,92 S.Ct. 619, 626-627; State v. Melchior (1978), 56 Ohio St.2d 15,25. "The question of voluntariness is a question of law. Consequently, an appellate court must arrive at its own conclusion as to whether a given confession was voluntary by reviewing the facts of the case." State v. Jett (Mar. 31, 1998), 1998 Ohio App. LEXIS 1451, at *7, Portage App. No. 97-P-0023, unreported.
"The ultimate test * * * [is] voluntariness. Is the confession the product of an essentially free and unconstrained choice by its maker? If it is, if he has willed to confess, it may be used against him. If it is not, if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process." Culombe v. Connecticut
(1961), 367 U.S. 568, 602, 81 S.Ct. 1860, 1879.
In order for a confession to be involuntary and violative of constitutional due process, the police must have engaged in some form of coercive action. Colorado v. Connelly (1986),479 U.S. 157, 167, 107 S.Ct. 515, 522 (holding that coercive police activity is a "necessary predicate" to a finding that a confession was not voluntary). A confession's voluntary nature is to be determined from the totality of the circumstances, including the age, mentality, and prior criminal experience of the defendant; the length, intensity, and frequency of the interrogations; and the existence of physical deprivation or mistreatment, or the existence of any threat or inducement. State v. Brewer (1990),48 Ohio St.3d 50, 58, certiorari denied (1995), 516 U.S. 830,116 S.Ct. 101.
It is true that if an accused's decision to speak was motivated by police statements constituting direct or indirect promises of leniency from the police, prosecutor, or court in exchange for talking to the authorities, then any resulting incriminating statements made by the accused may be rendered involuntary and inadmissible. State v. Harrington (1984),14 Ohio App.3d 111, 115. However, the mere presence of a promise of leniency does not as a matter of law render a confession involuntary. State v. Edwards (1976), 49 Ohio St.2d 31, 41, death sentence vacated (1978), 438 U.S. 911, 98 S.Ct. 3147. Rather, a promise of leniency must be coupled with other factors to render a confession involuntary under the totality of the circumstances test. Id. at 40-41.
After reviewing the record, we find that appellee's confession during the second questioning was voluntary and thus admissible. At the time of the second questioning, appellee was twenty-one years old, incarcerated on a pending arson charge and, if Frazee's testimony is to be believed, had already confessed to the break-in of the Mr. Rental tool store. Appellee also had quite an extensive criminal record, as he had several theft convictions in 1995 and 1996 and two burglary convictions in 1997. Appellee therefore was no stranger to the criminal system. As noted by the trial court, there was no indication that the duration or the intensity of the questioning was excessive. Nor was there any evidence or allegation of physical deprivation or mistreatment or of threat.
Thus, the only factor under Edwards that could render appellee's confession was the prosecutor's promise that he "would have no trouble asking for concurrent sentences." However, the mere presence of a promise of leniency does not render as a matter of law a confession involuntary. Edwards, 49 Ohio St.2d at 41. In addition, as the record unequivocally shows, such promise by the prosecutor was initiated by appellee who, after seeing still shots from a security videotape, asked what kind of deal he could get in exchange for confessing to other crimes. Thus, it can hardly be said that appellee's will was overborne or that his capacity for self-determination was critically impaired.
In light of the foregoing, we find that the trial court erred in suppressing appellee's confession with regard to the numerous offenses of theft and forgery. The state's sole assignment of error is well-taken and sustained.
Judgment reversed and remanded for further proceedings according to law and consistent with this opinion.
POWELL, P.J., and VALEN, J., concur.
[1] Appellee denied the break-in during a first questioning. Appellee testified he did not admit to it until a second questioning with Frazee.
[2] It is not clear from the record whether appellee moved to suppress only the confession he made during the second questioning or if he also moved to suppress his confession with regard to the breaking and entering.